UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OLUBUKOL ATIMISE,

                          Plaintiff,

   -against-

ANA LOOR; TROYANN SAFI; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),


                         Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-435

Plaintiff Olubukol Atimise, by his attorney Cary London, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution.

2. The claim arises from an April 1, 2014 incident in which Defendants, acting under color of state law, pulled Ms. Atimise's car over for no valid reason at 65 Tillary Street in Brooklyn, N.Y. The Defendants then asked Ms. Atimise to step out of the vehicle and unlawfully placed her in handcuffs and arrested her for no valid reason. Ms. Atimise spent approximately 23 hours unlawfully in police custody. After multiple court appearances, on January 15, 2015, Ms. Atimise's case was terminated in her favor and sealed.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

1

the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Olubukol Atimise ("Plaintiff" or "Ms. Atimise") resided at all times in Kings County, in the City and State of New York. Plaintiff is a Nurse for Apex Nursing Home and a student at Nassau County Community College.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, The City of New York, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, The City of New York was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

2

11. Defendant Ana Loor, ("Loor") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Loor was, at the time relevant herein, a Police Officer under Shield # 10126 in the 84th Precinct. Defendant Loor is sued in her individual and official capacity.

12. Defendant Troyan Safi, ("Safi") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Safi was, at the time relevant herein, a Police Officer under Shield # 2307 in the 84th Precinct. Defendant Safi is sued in his individual and official capacity.

13. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**FACTUAL CHARGES**

16. On April 1, 2014, at approximately 9:40 a.m., Ms. Atimise was a passenger in a vehicle driving on Tillary Street in Brooklyn, NY.

17. Ms. Atimise's friend, Donald Brice, was driving the vehicle, and Ms. Atimise was seated in the front passenger seat.

18. An unidentified Defendant, driving an NYPD marked vehicle, activated the vehicle's

lights and sirens while behind the vehicle Ms. Atimise was seated in.

19. In response to the police lights and sirens, Mr. Brice pulled the vehicle to the side of the road in front of 65 Tillary Street in Brooklyn, New York.

20. An unidentified Defendant exited the police vehicle and approached the vehicle driven by Mr. Brice.

21. Mr. Brice complied with the unidentified Defendant's orders and handed over his license, registration and insurance information.

22. The unidentified Defendant went to back to the NYPD vehicle for approximately five minutes, and then returned to Ms. Atimise's vehicle.

23. The unidentified Defendant issued Mr. Brice a summons for failure to yield to a pedestrian, told him he was free to leave, and then returned to the NYPD vehicle.

24. Approximately 10 seconds later, the unidentified Defendant said over the loudspeaker of the NYPD vehicle, "Please move your vehicle now!"

25. Mr. Brice was unable to move the vehicle at that specific moment because of a red light.

26. There was significant traffic and congestion on Tillary Street at approximately 10:00 a.m. on a weekday.

27. The unidentified Defendant came back to Ms. Atimise's vehicle and yelled into the driver side window, "I said move now!"

28. Ms. Atimise responded, "We can't move. Look at the traffic."

29. The car was on, the keys were in the ignition, and the gear was in drive.

30. At around the same time, Defendant Safi came over to the driver side window and said, "Give me the keys to the vehicle."

31. Defendant Safi reached into the driver side window and attempted to physically remove the keys from the ignition.

32. Defendant Safi was unsuccessful at removing the keys because the car was a 2009 BMW, and the keys cannot be removed while the car is in the drive gear.

33. An unidentified Defendant came over to the driver side of the vehicle and ordered Ms. Atimise and Mr. Brice out of the vehicle.

34. Ms. Atimise complied with the unidentified Defendant's order and exited the passenger side of the vehicle.

35. Ms. Atimise held her hands up as she got out of the vehicle, confused as to why she was ordered out of the vehicle.

36. Unidentified Defendants and Defendant Safi, acting in concert, violently threw Ms. Atimise against the passenger side of the vehicle, grabbed her arms, twisted her arms, and unlawfully handcuffed Ms. Atimise in an excessively tight manner, causing marks to her wrists.

37. There was no probable cause to arrest Ms. Atimise.

38. Ms. Atimise did not resist arrest.

39. An unidentified Defendant, a supervisor, was present on the scene and did not stop the unlawful arrest of Ms. Atimise.

40. An unidentified Defendant and Defendant Safi then placed Ms. Atimise into an NYPD vehicle and drove her to the 84th Precinct, ignoring her requests to loosen the cuffs.

41. Ms. Atimise was then taken to central booking to await arraignment.

42. While Ms. Atimise was in central booking, unidentified Defendants, Defendant Loor and Defendant Safi, acting in concert and with malice, conveyed false information to prosecutors in order to have Plaintiff prosecuted for Obstructing Governmental Administration in the Second

Degree, Resisting Arrest, and two counts of Disorderly Conduct.

43. Ms. Atimise was unlawfully held in police custody and arraigned on those charges.

44. At arraignments, the Judge released Ms. Atimise on her own recognizance.

45. Ms. Atimise spent approximately 23 hours unlawfully in police custody.

46. After multiple court appearances, on January 15, 2014, Ms. Atimise's case was terminated in her favor and sealed.

47. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages, a violation of her rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983

48. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

49. The officer Defendants wrongfully and illegally arrested, detained and imprisoned Plaintiff.

50. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

51. At all relevant time's Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

52. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

54. The above paragraphs are here incorporated by reference as though fully set forth.

55. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

56. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: January 26, 2015
      Brooklyn New York

                                                Respectfully submitted,

                                                   /s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Ms. Atimise
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com